UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS, | No. 2:16-cv-1943-EFB P |
| Plaintiff, | |
| v. | ORDER |
| JOHN PATRICK KELLER, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The United States Marshal was unable to serve defendants Venegas, Jr. and Woods using the information provided by plaintiff. ECF No. 18. Therefore, the court informed plaintiff that if he wished to pursue this action against them, he needed to provide new information about how to locate them for service of process or risk their dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The court informed plaintiff that if his access to the required information was unreasonably denied or delayed, he could seek judicial intervention. On January 16, 2018, plaintiff filed a motion for the appointment of counsel for the purpose of helping him find the requested information for service of process. ECF No. 20. A few weeks later, on February 5, 2018, plaintiff provided the court with new information about how to

/////

/////

1

locate defendants Venegas, Jr. and Woods for service of process.[1] Thus, his request for counsel appears to be moot.

Regardless, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Accordingly, it is ORDERED that plaintiff's request for the appointment of counsel (ECF No. 20) is denied without prejudice.

DATED: February 13, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By separate order, the court will direct the U.S. Marshal to serve defendants Venegas, Jr. and Woods using the new information provided by plaintiff.

2