UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS, <br><br> Plaintiff, <br><br> v. <br><br> JOHN PATRICK KELLER, et al., <br><br> Defendants. | No. 2:16-cv-1943-WBS-EFB P <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner without counsel, brings this civil rights action under 42 U.S.C. § 1983. Defendants Keller and Woods move to dismiss the claims against them for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). ECF Nos. 28, 34. As discussed below, their motions must be denied.

**I.    Background**

Keller and Woods, detectives with the Sacramento Police Department at the time relevant to this action, interrogated plaintiff in 1999 before giving him *Miranda* warnings and ignoring his request for counsel. ECF No. 1 at 3-4; *Sessoms v. Grounds*, 776 F.3d 615, 617-18 (9th Cir. 2015) (en banc). Plaintiff made incriminating statements which were used to convict him of felony murder, robbery, and burglary. *Id*. Plaintiff sought habeas relief in the state courts, which was denied; the state court found that plaintiff's request for counsel was not unequivocal or unambiguous. *Id*. at 618. On federal habeas review, the district court also denied relief. *Id*.

The U.S. Court of Appeals for the Ninth Circuit reversed, holding that the state court's determination was an unreasonable application of Supreme Court precedent. *Id.* The court directed the district court to grant a conditional writ of habeas corpus with directions to the State to retry plaintiff within a reasonable time or release him. *Id.* On retrial, plaintiff pleaded no contest to voluntary manslaughter with a firearm enhancement and first degree burglary. ECF No. 34-2 (transcript of plea colloquy).

Plaintiff now seeks money damages against defendants for violating his constitutional rights in the interrogation. Defendants argue that they did not violate plaintiff's Fifth Amendment rights but merely the prophylactic rule of *Miranda* and that such a violation is not actionable under § 1983. They further argue that their conduct was not egregious enough to violate plaintiff's Fourteenth Amendment due process rights.

## II. The Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d

/////

2

at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

**B. Analysis**

It has been established in plaintiff's federal habeas proceedings that defendants Keller and Woods violated *Miranda v. Arizona*, 384 U.S. 436 (1966), by questioning plaintiff after he invoked his right to counsel. *Sessoms*, 776 F.3d 615. Defendants argue that doing so did not violate plaintiff's constitutional rights.

Defendants first argue that the *Miranda* violation cannot support a claim for violation of the Fifth Amendment, relying on *Chavez v. Martinez*, 583 U.S. 760 (2003). There, the Supreme Court confronted an improper interrogation that was not later used in a criminal proceeding. A fragmented Court majority concluded that the defendant police officer had not violated the plaintiff's Fifth Amendment right against self-incrimination by questioning him in violation of *Miranda*, because the plaintiff's answers were not used in any criminal proceeding.[1] That case is

---

[1] Justice Thomas, joined by Chief Justice Rehnquist, and Justices O'Connor and Scalia, concluded that an individual's Fifth Amendment rights are not violated until un-*Mirandized* statements are used against the individual in a criminal proceeding. 538 U.S. at 766-73. Justice Thomas focused on the text of the Fifth Amendment, which prohibits the use of compelled statements "in any criminal case," to conclude that, without such use in a case, the Amendment is not violated. *Id.* at 766.

Justice Souter, joined by Justice Breyer, concluded that the Court should not recognize a right to sue for damages under § 1983 for violation of *Miranda* (absent use of the plaintiff's statement in a criminal case), because such a holding would unnecessarily expand Fifth and Fourteenth Amendment law. *Id.* at 777-79. In Justice Souter's view, the exclusionary rule sufficiently safeguards individuals' Fifth Amendment rights. *Id.* at 779. Justice Souter noted that certain police conduct could be so egregious as to violate the Constitution even if its fruits were never used in a criminal proceeding, but such conduct would violate the 14th Amendment's substantive due process guarantee, not the self-incrimination clause. *Id.* A majority of the Court agreed that coercive police interrogation tactics could, if extreme, violate substantive due process.

of limited utility here, however, because plaintiff's statements *were* used against him in a criminal case and the Ninth Circuit has already determined that such use violated plaintiff's Fifth Amendment rights. *Sessoms*, 776 F.3d 615. Defendants present the court with no authority holding that such a constitutional violation disappears if there is a later proceeding (i.e. the retrial) insulated from the unlawfully-obtained statements. *Cf. Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014) (reversing a district court's summary adjudication of a plaintiff's analogous claim because the claim was not barred by the rule of *Heck v. Humphrey*). Thus, defendants have not presented the court with a viable argument for dismissing plaintiff's Fifth Amendment claim.[2]

Defendants next argue that the complaint does not state a claim for violation of substantive due process. The Supreme Court recognized in *Chavez* that coercive interrogation tactics may violate the Fourteenth Amendment's guarantee of substantive due process (*supra*, n.1); however, "only the most egregious official conduct" gives rise to such a claim. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *see also Stoot*, 582 F.3d at 928. This standard requires that the defendants intended to injure the plaintiff "in some way unjustifiable by any government interest." *Stoot*, 582 F.3d at 929. In *Chavez*, various justices indicated that this standard would be met by interrogation tactics such as torture or similar abuse. 538 F.3d at 773, 789.

/////

---

*Id.* at 773 (plurality opinion of Thomas, J.); *id*. at 779 (Souter, J.); *id.* at 787 (Stevens, J.); *id.* at 799 (Kennedy, J.).

Thus, in combination, Justices Thomas's and Souter's opinions garnered six votes to hold that there is no cause of action under § 1983 for violation of *Miranda* where the fruits of the *Miranda* violation were not used against the plaintiff in a criminal proceeding. But, as noted, here the statements elicited in violation of *Miranda* were used.

[2] Plaintiff's Fifth Amendment claim may face serious challenges on the issues of causation and qualified immunity. *See Stoot v. City of Everett*, 582 F.3d 910, 926-28 (9th Cir. 2009); *Murray v. Earl*, 405 F.3d 278, 289-93 (5th Cir. 2005). But those issues have not been raised in the motions to dismiss, which are confined to consideration of the allegations within the complaint. Addressing those issues would require the court to look at evidence beyond the complaint and thus are better suited for summary judgment and/or trial. *See Higazy v. Templeton*, 505 F.3d 161, 175 (2d Cir. 2007) (noting that "foreseeability and causation are generally and more suitably entrusted to fact finder adjudication.").

4

Plaintiff alleges no physical abuse. ECF No. 11 at 3-4. He alleges, however, that defendants intentionally questioned him when he was only 19 years old after he invoked his right to counsel with the intention of eliciting incriminating statements and inhibiting plaintiff from later taking the stand in his own defense. *Id.* The Ninth Circuit has held that psychological coercion is sufficient to state a substantive due process claim. *Cooper v. Dupnik*, 963 F.2d 1220, 1245-46 (9th Cir. 1992). While the bare facts alleged in plaintiff's amended complaint and contained in the Ninth Circuit's opinion in *Sessoms v. Grounds*, 776 F.3d 615, do not describe paint a situation as dire as that present in *Cooper*, the allegation of such coercion is presented and testing the sufficiency of plaintiff's ability to prove it is appropriate for resolution on summary judgment or trial. It may be that, through further development of the case through discovery, plaintiff can present evidence that would lead a factfinder to conclude that defendants' conduct was so egregious as to violate the Fourteenth Amendment. Indeed, in *Cooper*, the Ninth Circuit cautioned that a determination of whether an interrogation violated a suspect's Fourteenth Amendment rights "requires careful evaluation of all the circumstances of the interrogation." The Court of Appeals has also indicated that a "calculated plan" to ignore a suspect's invocation of *Miranda* rights (as plaintiff alleges here), in combination with other coercive factors, could violate the Fourteenth Amendment. *Stoot*, 582 F.3d at 929. Because such a careful evaluation requires that the court look beyond plaintiff's complaint, analysis of the Fourteenth Amendment claim should be deferred to summary judgment or trial and defendant's motion to dismiss the Fourteenth Amendment claim should be denied.

### III. Conclusion and Recommendation

For the reasons stated above, it is hereby RECOMMENDED that the motions to dismiss brought by defendant Keller (ECF No. 28) and defendant Woods (ECF No. 34) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE